**Claude Lee LINDSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45435.**

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

George T. Ellis, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Alvin A. Horne, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of robbery by assault. The jury assessed the punishment at ten years.

In his initial ground of error, appellant contends that the trial court abused its discretion in overruling his first motion for continuance. He argues that said motion was requested because a material alibi witness, Nathaniel Lee, Jr., who was subpoenaed and served in person on April 5, 1971 to appear in court on April 13, 1971, did not appear. When the case was called for trial, counsel for the appellant announced ready. Had he wanted to present the

matter of the absent witness for review, he should have announced not ready and asked for an attachment of the absent witness. See Hutson v. State, 164 Tex.Cr.R. 24, 296 S.W.2d 245. The appellant announced ready and the trial court relied upon such announcement. Nothing is presented for review.

 Next, appellant contends that the court erred in having him stand trial before the jury in jail clothes. His contention is without merit. The record reflects that the policy in Harris County is to allow prisoners to wear civilian clothes upon request and that no request was made. Further, neither appellant nor his counsel objected during the trial. There must be an objection before the matter can be reviewed. Ex parte Kelly, Tex.Cr.App., 484 S.W.2d 773. A defendant may not remain silent and willingly go to trial in prison garb and thereafter claim error. Hernandez v. Beto, 443 F.2d 634 (5th Cir. 1971).

Finally, appellant complains of the trial court's failure to instruct the jury to disregard the "in court" identification made by the witnesses alleging that the witnesses observed appellant at an illegal post indictment lineup held by the assistant district attorney prior to trial on the morning of April 13, 1971. He contends that the "in court" identification of the witnesses was tainted by the viewing of appellant as he sat in the jury box the morning of the trial along with eleven other prisoners. The record shows that two of the witnesses made positive identification of appellant earlier at a properly conducted police lineup while five of the witnesses tentatively identified appellant at the same lineup as one of the robbers. We see no harm in the witnesses observing the twelve prisoners seated in the jury box and then being asked if they spotted the robbers among the twelve when sufficient identification had been made prior to the day of trial.

No reversible error being shown, the judgment is affirmed.