Monty C. **WEDDLE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 50048.

Court of Criminal Appeals of Texas.

May 7, 1975.

William F. Stolhandske, San Antonio (Court-appointed), for appellant.

Ted Butler, Dist. Atty., Keith Burris, Don Clowe and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant was convicted by a jury of burglary, a second degree felony, and they assessed his punishment at five (5) years.

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit.

Nevertheless, aware of his duties under Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), and the procedure recommended by Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969), such counsel filed an appellate brief setting forth two grounds of error which he contends might arguably support the appeal.

In carrying out the balance of his duties, counsel encountered some difficulty. He

wrote a letter to the appellant confined in jail explaining his rights to him, including his right to file a pro se brief. Counsel attempted to serve a copy of his brief and a copy of the appellate record upon the appellant so that he might, if desired, file a pro se brief. The appellant refused to accept such brief and copy of the appellate record and refused to sign a certification prepared by counsel that these instruments had been delivered to him. It appears that appellant informed counsel that his family had hired an attorney, whose name he could not remember, but who had advised him not to accept or sign anything. Counsel was careful to obtain a witness to the rejection of the brief and record. The witness, apparently a jail guard, signed a statement reflecting the appellant had refused to accept the brief and record in his presence.

■ Wisely, counsel reported these developments to the trial court which had appointed him. It appears that the trial judge had appellant and counsel brought into open court and inquired as to the name of the supposedly retained counsel, how long he had been employed, etc., and the appellant merely gave his father's name and address and stated that his father had employed such counsel, whose name was unknown to him. At the court's directions appointed counsel wrote the father in Illinois by certified mail, reporting the developments and telling him that, if he had retained counsel for the appellant, the attorney had, under the court's order, thirty (30) days from the date of the letter to file an appellate brief. It does not appear that there was any response to appointed counsel's letter. No additional briefs have been filed in appellant's behalf, and no pro se brief has been filed.

It appears that counsel has fully and commendably discharged his duties as court-appointed counsel on appeal, with the assistance of a careful trial judge.

We now turn to the grounds of error advanced. First, it is urged that the court refused to allow him to call a "material witness," Daniel Hesbrook.

■ At the close of the State's case in chief and outside the presence of the jury, appellant's trial counsel stated his client wanted to call a Daniel Hesbrook, but candidly stated appellant would not tell him why the witness was "material" or "what areas he desires testimony insofar . . . ." It appears Hesbrook was present with his counsel. After inquiry by the court, it was determined that Hesbrook had been in jail at the time of the alleged offense. Hesbrook's counsel stated to the court he had advised him not to testify, but Hesbrook was still willing to testify. The court then asked appellant personally what he intended to prove by such witness, and he replied: "He wrote a writ. He helped me plus he knows a little about my case." The appellant refused to state the materiality of Hesbrook's testimony, despite continued inquiries by the court. The court denied the request to call Hesbrook. No informal bill of exception was perfected, and no subsequent formal bill of exception was filed. It is clear that appellant would not cooperate with his trial counsel any more than he cooperated with appellate counsel. Nothing is presented for review.

■ Next, appellant complains of an error in the judgment which was on a printed form and which stated the appellant was "duly arraigned." It is contended that he was not arraigned as recited in the judgment. The record shows appellant executed a written waiver of pre-trial arraignment. Since the necessary data and facts appear in the record, this court may reform the judgment to reflect what the record supports happened. We further note that at the time of trial the indictment was read to the jury and appellant refused to plead thereto, and the court entered a plea of "not guilty" for him, which was proper under the circumstances.

We have examined the record and conclude that the appeal is wholly frivolous and without merit.

As reformed, the judgment is affirmed.