**David Sheppard THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00045 CR.**

Court of Appeals of Texas, Dallas.

Dec. 30, 1981.

Discretionary Review Granted April 7, 1982.

John P. Knouse, Dallas, for appellant.

Gilbert Howard, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C. J., and WHIT-HAM and GUILLOT, JJ.

GUITTARD, Chief Justice.

Appellant was convicted by a jury of aggravated robbery. His punishment was assessed at thirty-three years. On this appeal he complains that the police improperly induced him to sign a confession and that the prosecutor's argument at the punishment phase was improper and prejudicial. We hold that the confession was properly admitted and that the argument was not so clearly improper as to require reversal. Consequently, we affirm.

### 1. *Admissibility of Confession.*

The robbery occurred in the daytime at a liquor store. The manager, Herman Watson, was the principal witness. Watson was behind the cash register when he saw a pickup truck stop near the store. Two men got out and entered the store. One of them, whom Watson later identified as ap-pellant, pointed a handgun at Watson and demanded money. Watson resisted, a brief struggle ensued, and appellant fired the gun. The bullet went through the counter and struck Watson in the hand as he fell or dropped behind the counter.

Other evidence shows that appellant ran out of the store and was pursued by several persons who had heard the shot. Two blocks away the pursuers overtook appellant and pointed him out to an officer, who had arrived at the scene. The gun was found in a nearby field. The officer arrested appellant and took him to the police station. There Watson identified appellant, first in a display of several photographs, and afterward in person. Appellant then made an oral confession, which was later reduced to writing and signed by him.

The trial court held a separate hearing on the admissibility of the confession, as required by article 38.22 of the Code of Criminal Procedure (Vernon 1979), and heard testimony from the officer and also from the defendant. The court found that the confession was voluntary and admitted it in evidence. After judgment, but before the record was filed in this court, the trial court filed written findings and conclusions, which are sufficient to meet the requirements for admissibility of confession as stated in article 38.22(6). *See King v. State,* 585 S.W.2d 720, 722 (Tex.Cr.App. 1979); *Foreman v. State,* 505 S.W.2d 564, 566 (Tex.Cr.App.1974).

On appeal, appellant contends that the state did not discharge its burden of showing that the confession was voluntary. He relies on his own testimony, which was contrary to that of the officers with respect to warnings and coercive representations. He also contends that the confession was illegally obtained in that Watson's identification of him at the police station was the result of improper suggestion, since appellant was the only suspect in the room when Watson identified him.

We conclude that the evidence supports the court's finding that the confession was voluntary. The court was at liberty to believe the testimony of the officers

rather than that of appellant. *Moon v. State*, 607 S.W.2d 569, 570 (Tex.Cr.App. 1980); *Myre v. State*, 545 S.W.2d 820, 824 (Tex.Cr.App.1977). We find no impropriety in Watson's identification at the police station because Watson first identified appellant in a display of photographs which appellant does not attack as being improperly suggestive. After such an identification a subsequent identification of the accused in court would not be improper. *See Walker v. State*, 588 S.W.2d 920 (Tex.Cr.App.1979); *Lindsey v. State*, 488 S.W.2d 80 (Tex.Cr. App.1972). Since such an identification in court would have been proper, the confession was not tainted by Watson's identification of him in person when he was in custody. The admissibility of a confession is not affected by the fact that it may have been induced by confronting the witness with legal evidence of his guilt. The situation would have been different if the accused had been induced to confess by seeing or hearing evidence obtained illegally, as in *Fahy v. Connecticut*, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963).

■ Appellant also asserts that the confession was not voluntary because he was not immediately taken before a magistrate. This contention is overruled because there is ample evidence that he made a voluntary statement after being promptly warned of all his rights. Thus no causal relation between this delay and the confession is shown. *Myre v. State*, 545 S.W.2d 820, 824–25 (Tex.Cr.App.1977); *Shadrick v. State*, 491 S.W.2d 681, 684 (Tex.Cr.App. 1973).

### 2. Comment on Appellant's Lack of Contrition.

In the punishment phase of the trial, appellant called his wife and sister as character witnesses. In argument to the jury, the prosecutor stated that the jury had not heard any evidence from the witnesses or from appellant's attorney that appellant was sorry for what he had done, and that if he were sorry, the jury would have heard about it from these witnesses. The record shows that the prosecutor pointed to appellant as he made this remark. Appellant contends that the prosecutor's remark, together with the gesture, had the effect of an improper comment on appellant's failure to testify. No complaint was made in the trial court or here that the remark was prejudicial to appellant's right to plead not guilty.

■ We conclude that the argument may reasonably be construed as a reference to the failure of the character witnesses to give evidence of appellant's contrition rather than on the appellant's failure to testify. The prosecutor's gesture toward appellant could reasonably be understood by the jury as referring to the person whose lack of contrition was being discussed rather than as necessarily implying that appellant had failed to take the stand. A prosecutor's argument is not an improper reference to the defendant's failure to testify unless it must necessarily be so considered when viewed from the standpoint of the jury. *McMahon v. State*, 582 S.W.2d 786 (Tex.Cr. App.1978); *Chapman v. State*, 504 S.W.2d 912 (Tex.Cr.App.1974). In *McMahon, supra*, similar arguments were held not to be comments on the defendant's failure to testify, even though the prosecutor's reference to other witnesses was not as explicit as here. Consequently, we hold that the argument in question was not improper.

### 3. Argument Outside of Record.

■ Appellant complains that the court erroneously overruled his objection to certain statements made by the prosecutor during the punishment phase of the trial. These statements, he contends, injected evidence outside the record which prejudiced the minds of the jury and influenced them to fix his punishment at thirty-three years. We conclude that the prosecutor's argument, considered as a whole, was within the permissible limits of a plea for law enforcement, and that no prejudicial new facts were presented to the jury.

The main point of the prosecutor's argument was that a lengthy sentence would deter other potential robbers from using deadly weapons. He suggested that the

jury knew and that it was common knowledge that there were others in the community who thought like the defendant and who would not hesitate to use a gun to get what they wanted and that these persons would learn about the sentence when they meet in places like the county jail or the Texas Department of Corrections. The prosecutor encouraged the jury to use the sentence to deter these persons from committing similar robberies.

Although some of these remarks may have gone beyond the facts in the record, any plea that a heavy sentence will deter others from committing similar crimes necessarily goes beyond the facts of the case because it invites the jury to consider the motivation of persons unknown under circumstances not in evidence. Nevertheless, such arguments have been repeatedly approved by the Court of Criminal Appeals. *Bolding v. State*, 493 S.W.2d 181 (Tex.Cr. App.1973); *Bowman v. State*, 446 S.W.2d 320 (Tex.Cr.App.1969). Here the prosecutor did not assume to speak from any special knowledge. He expressly appealed to the jury to consider facts known to them as matters of common knowledge and to draw reasonable inferences from those facts. The jury could evaluate the argument on that basis and give it such weight as it might be worth.

In pleading for a lengthy sentence, the prosecutor reminded the jury that there were other aggravated robbers in Dallas. He noted, however, that most aggravated robbers do not shoot their victims. This comment was an obvious reference to evidence showing that appellant not only exhibited the weapon but also fired it when the complaining witness resisted. For a robbery committed by using or exhibiting a deadly weapon, the jury could have assessed any term of years from five to ninety-nine. Tex.Penal Code Ann. § 12.32 (Vernon Supp. 1980–1981). Firing a weapon during the commission of a robbery is a more aggravating circumstance than merely exhibiting a weapon. Consequently, the prosecutor could properly argue that the appellant should be punished more severely than other aggravated robbers who merely exhibit

weapons during the commission of the offense but refrain from using them. The remark that most robbers do not shoot their victims was a generalization that could have added no substantial force to the argument in view of the facts before the jury.

The prosecutor also argued that the sentence suggested by defense counsel was too short, and that some persons, including defense attorneys, did not want to punish anyone for anything. He asked, "How many bodies are we going to have to line up on the jury rail?" This rhetorical question is obviously a figure of speech. The statement concerning defense attorneys hardly can be considered as injecting new facts that might have influenced the jury to increase the sentence. Any intelligent juror knows that defense counsel will always plead for a light sentence because he has a duty to do so. Consequently, these remarks cannot reasonably be taken as denying appellant a fair trial.

 Under the circumstances shown the sentence of thirty-three years cannot be considered excessive. The proof establishes unequivocally that appellant committed a robbery of the most aggravated kind. He used a deadly weapon to threaten another's life and take another's property, and he fired the weapon when he met resistance. No mitigating circumstances were shown. No hope of rehabilitation was offered. A previous conviction and probated sentence for burglary had failed to deter him from further crimes. Unless a prosecutor's argument is extreme or manifestly improper or injects new and harmful facts, no reversal is required. *Duffy v. State*, 567 S.W.2d 197 (Tex.Cr.App.1978). We hold that the argument complained of here was not of that character.

Affirmed.

WHITHAM, Justice, dissenting.

I respectfully dissent. In my opinion the prosecutor's remarks during jury argument at the punishment phase concerning appellant's lack of contrition, together with the prosecutor's gesture in pointing to the ap-

pellant as he made the remark, constitute reversible error.

At least three opinions of the Court of Criminal Appeals require consideration.

First, in *McMahon v. State*, 582 S.W.2d 786 (Tex.Cr.App.1978) the prosecutor at the punishment phase argued "Have you seen any remorse? Have you seen any remorse on the part of the defendants?" In disposing of the accuseds' complaint that such remarks were a comment on their failure to testify, the court stated:

> In reviewing the prosecutor's argument as a whole, moreover, we do not agree that it constituted an improper comment on the appellants' failure to testify. In *Nowlin v. State*, 507 S.W.2d 534 (Tex.Cr. App.1974), this Court stated that before a prosecutor's argument may be so construed the language used must be viewed from the jury's standpoint and the implication that the language refers to the defendant's failure to testify must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion. If the prosecutor's remarks may be reasonably construed as referring to the defendant's failure to present evidence through a witness other than himself, reversal is not required. (citations omitted).

Second, in *Overstreet v. State*, 470 S.W.2d 653 (Tex.Cr.App.1971) the prosecutor at the punishment phase argued:

> Last of all, punishment is to rehabilitate the Defendant if you can rehabilitate them. When you think about rehabilitation you, you think about the first great step to rehabilitation is stepping forward and confessing one's guilt and being ready to take the punishment that is doled out.

There the appellant objected that such an argument was a direct reference to the appellant's failure to testify at the guilt or innocence phase in that it calls for a confession. The court, while commenting that the argument is not commended, perceived no reversible error.

However, in the third and most recent case, *Johnson v. State*, 611 S.W.2d 649 (Tex.

Cr.App.1981) the prosecutor at the punishment phase argued:

> And another important thing in this ladies and gentlemen is that you never heard Tommy Johnson tell Mr. Houston or anybody else that he was sorry for what he did. He never up to now has said "I am sorry I committed this robbery, I confess to it, and I want you to give me probation," you never heard him say that.

There the court concluded that the argument was so inflammatory that its prejudicial effect could not have been alleviated by an instruction to disregard and that the trial court erred in failing to grant a mistrial based upon the prosecutor commenting on the appellant's failure to testify. In *Johnson*, the Court of Criminal Appeals reversed the conviction for the remark.

*McMahon* was an *en banc* decision. The thrust of the jury argument complained of in *McMahon* was virtually identical to the argument in the present case; the absence of an expression of sorrow in this case as opposed to the absence of an expression of remorse in *McMahon*. In neither case was the defendant mentioned by name with respect to the absent expression of sorrow or remorse. *Johnson* was a panel decision. The complained of jury argument remarked on the absence of a statement of sorrow from the defendant himself, and actually named the accused. In *McMahon* the *en banc* court repeated a familiar holding in cases where the defendant fails to testify that if the prosecutor's remarks may be reasonably construed as referring to the defendant's failure to present evidence through a witness other than himself, reversal is not required.

In *Overstreet* the prosecutor remarked on the fact that the first great step to rehabilitation was to come forward and confess one's guilt. In that case the defendant was not mentioned by name as the person who did not confess. In finding no reversible error the court in *Overstreet* stated:

> A defendant in a criminal case under our laws has the right to enter a plea of not guilty and to file a motion for probation,

and the fact he has exercised those rights should not be utilized against him. He need not plead guilty in order to be entitled to probation. Although the argument is not commended, we perceive no reversible error. The issues at stake were punishment and probation. The appellant testified she desired probation though she disagreed with the guilty verdict and her counsel urged the jury to grant probation. The argument made was in response thereto.

In *Overstreet* the jury argument in question was in response to the defendant's own testimony seeking probation and denying guilt. In *Overstreet* the accused testified. In the present case the defendant did not. Nor did the defendant testify in *McMahon* or *Johnson*.

Under the facts of the present case I would follow the holding in *Johnson* and reverse. In *Johnson* the prosecutor named the accused in his jury argument. In the present case the prosecutor pointed to the appellant as he made the remark. Naming the accused in the argument or pointing to the accused when the argument is made are one and the same. *Johnson* is controlling on its facts.

When the prosecutor comments on the accused's lack of contrition, it should make no difference whether the prosecutor's remarks may be reasonably construed as referring to the defendant's failure to present evidence through witnesses other than himself. The only person who can step forward and confess is the accused—not some other witness on his behalf. The only person who can express sorrow and/or remorse within the actual meaning of such a jury argument is the accused—not some other witness on his behalf. It should make no difference whether reputation or character witnesses testify. It should make no difference whether the defendant himself is referred to in the argument complained of as was the case in *Johnson*. It should make no difference whether the prosecutor points to the defendant as he makes the argument. It should make no difference whether defendant's witnesses or attorney state that

the defendant is sorry for what he has done. Once the jury's attention is called to the absence of sorrow, remorse, regret or any other act of contrition, it defies logic and common sense to believe that the remark refers to any person other than the defendant.

The right to plead not guilty and to maintain that position is basic to our criminal justice system. An accused has the right to plead "not guilty" and to maintain that position to whatever the bitter end for him might be. An accused has the right to seek probation. A prosecutor's argument such as that in the present case calls for the jury, in assessing punishment, or in determining probation, to consider appellant's failure to take the witness stand and say he is sorry or has remorse for the crime or present witnesses who will testify that the defendant is sorry or has remorse for the crime. As a practical matter, in either event, the argument calls for the jury to punish the defendant more severely, or deny probation, because he will not withdraw his "not guilty" plea and confess and plead "guilty." To admit to sorrow or remorse is but an admission of guilt within the context of the issue here under discussion.

To place a defendant who has plead "not guilty", but who has been found "guilty", in the position of having to recant, confess, express sorrow, regret or remorse in order to obtain the jury's sympathy for probation or a less severe sentence is a denial of the right of an accused to insist at all stages of his trial that he is "not guilty."

Our system gives great deference to the accused's plea of not guilty. For example, when a defendant refuses to plead to the indictment the court enters a plea of not guilty for him. *Weddle v. State*, 522 S.W.2d 475 (Tex.Cr.App.1975). The effect of a plea of not guilty is to put the State on proof of the guilt of the accused by evidence beyond a reasonable doubt. When a plea is changed from not guilty to nolo contendere or guilty the jury should be retired and defendant admonished concerning the consequences of his plea. *Crawford v. State*, 466 S.W. 319 (Tex.Cr.App.1971).

A trial court erred in allowing defendant to withdraw his plea of not guilty and plead guilty after hearing witnesses testify that defendant was of unsound mind and should have proceeded under the original plea and instructed jury on law regarding insanity. *Gardner v. State*, 140 Tex.Cr.R. 227, 144 S.W.2d 284 (Tex.Crim.App.1940). Given this deference to an accused's plea of not guilty, the prosecutor in jury argument at the punishment stage should not be permitted to make the argument here in question or any argument of that nature. Upon proper ground of error, reversal should follow if such argument is made and no mistrial granted.

If the defendant wishes to take the witness stand and say he is sorry or show remorse in order to obtain the jury's sympathy for probation or a lesser sentence, that is his choice. But for the State to argue and gesture in the manner in question in the present case is tantamount to a jury argument that a failure to change the plea to "guilty" should be considered by the jury in imposing the penalty or determining probation. Such an argument is reversible error.

In my view, the manner of jury argument complained of in the present case should not fall within the scope of the rule that if the prosecutor's remarks may be reasonably construed as referring to the defendant's failure to present evidence through a witness other than himself, reversal is not required. Rather, it is my view that such an argument is so prejudicial as to deprive appellant of a fair trial and upon proper ground of error is reversible error separate and apart from the contention that such argument is a comment on the failure of the accused to testify.

As pointed out in *Overstreet* the defendant has a right to plead not guilty and to file a motion for probation and the fact that he has asserted that right should not be utilized against him. However, by perceiving no reversible error because the argument made was in response to the defendant's testimony seeking probation, the court in *Overstreet* permitted the right to plead

not guilty to be utilized against the defendant. Given the defendant's right to plead not guilty and to file a motion for probation, the argument should be reversible error regardless of whether the defendant does or does not testify at either stage of trial. To hold otherwise is to utilize the accused's rights against him and to adversely qualify his right to plead not guilty and to file a motion for probation.

For the reasons stated, I would reverse and remand.