**David Sheppard THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 108–82.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 15, 1982.

John P. Knouse, Dallas, for appellant.

Henry Wade, Dist. Atty. and Gilbert P. Howard, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The offense is aggravated robbery, for the commission of which the jury that found him guilty assessed punishment at confinement for a period of thirty three years. The Court of Appeals affirmed, one Justice dissenting with opinion. *Thomas v. State,* 629 S.W.2d 112 (Tex.App.—Dallas, 1981).

The sole question presented is whether the Court of Appeals correctly decided that the trial court did not commit reversible error during punishment stage when the prosecutor was winding down his final argument and the following occurred:

"MR. WILSON ___ I'll tell you something else you didn't hear. You didn't hear one single solitary bit of contrition on the part of this defendant from his witnesses nor his attorney. He had his wife and sister up there. They didn't tell you, 'Boy, he's sorry about this. He's sorry and he wants to do right. He just wishes he hadn't have done it.' You didn't hear that. You didn't hear one single bit of that and I guarantee you if he was sorry for what he had done—and I submit he is not in the least bit sorry—you would've heard about it from his witnesses.

[DEFENSE COUNSEL]: Objection, Your Honor. The Prosecutor is pointing at my client. He has attempted to comment on the Defendant's failure to testify, which he has a right not to do and I object on that basis.

THE COURT: Overrule your objection. Counsel, I think your time is up."

Under a heading "Comment on Appellant's Lack of Contrition," the Court of Appeals considered the contention of appellant that such argument was "improper and prejudicial," *id.,* at 114, and, construing it "as a reference to the failure of the *character witnesses* to give evidence of appellant's contrition *rather than on the appellant's*

failure to testify," [1] *held* that the argument was not improper, *id.,* at 115. The dissenting opinion joined issue with the majority and opined that "the prosecutor's remarks ... concerning appellant's lack of contrition, together with the prosecutor's gesture in pointing to the appellant as he made the remark, constitute reversible error." *Id.,* at 116. We perceive a deeper problem, albeit raised inartfully by appellant in his petition for review: Whether during final argument on punishment the State may properly comment on the failure of an accused who did not testify to adduce from his witnesses who did testimony of contrition on his part about committing the offense of which he has just been found guilty.[2]

After an accused has been found guilty, the ultimate issue of punishment to be assessed remains for determination. Essential ingredients of that determination have been legislatively prescribed and judicially crafted. *Stiehl v. State,* 585 S.W.2d 716, 718 (Tex.Cr.App.1979). Thus, regardless of whether assessed by judge or jury, Article 37.07, § 3(a), V.A.C.C.P., prescribes that "evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character."[3] And to that judicial

---

1. That the testimony given by his wife and a sister of appellant, one of five siblings, was "geared toward a showing of good, lawful character or reputation" is most doubtful. It is more "directed at proving appellant's conduct before and after his involvement" in the instant robbery. See *Ward v. State,* 591 S.W.2d 810, 814 (Tex.Cr.App. 1978, 1980). "[I]t is not proper to prove character by evidence of personal opinion or specific acts," *id.,* at 818. In his argument counsel for appellant told the jury that he brought his wife and sister "down here for *one reason only* and that is to let you know *somebody cares about this man; that he is not unloved* . . ."—an accurate assessment the purpose of their brief, insubstantial testimony. (All emphasis is added throughout by the writer of this opinion unless otherwise indicated.)

2. Appellant presents a single "Ground of Error No. 1 for Review," framed in terms of error by the trial court, but does not provide "Reasons for Review," as contemplated by Tex.Cr.App. Rule 304(d)(5). Nonetheless, *from his argument under the ground for review we understand that he contends the Court of Appeals erroneously disposed of this second ground be-

fore that court, and urges instead that the dissenting opinion is correct.

3. Article 37.07 *is obviously more restrictive in* this respect than Article 37.071, *id.*—"Evidence may be presented as to any matter that the court deems relevant to sentence."

The Court of Appeals relied mainly on *McMahon v. State,* 582 S.W.2d 786 (Tex.Cr.App.1978), a capital murder case. The rhetorical questions posed there were:

"Have you *seen* any remorse? Have you *seen* any remorse on the part of the defendants?"

The defense had called twenty one reputation character witnesses to testify that the accused "probably would not commit acts of violence in the future," testimony clearly relevant to the second special issue required to be submitted to the jury by Article 37.071, § (b)(2).

In capital cases if the pattern were not cut in *Smith v. State,* 540 S.W.2d 693 (Tex.Cr.App. 1976), it was at least an early opinion treating evidence of remorselessness as it bears on the second special issue. Thus, a psychiatrist, who would become famous for doing so, opined that

craftsmen have added: "Evidence *legally admissible* to mitigate punishment or evidence that is relevant to the application for probation,[4] if any,[5] is also admissible." *Allaben v. State,* 418 S.W.2d 517, 519 (Tex.Cr. App.1967).

■ So it is that a prosecutor may comment on failure of an accused to present any witnesses or evidence at all in his behalf or to call certain particularized competent and material witnesses to testify about character, reputation or other relevant matters. *McKenzie v. State,* 617 S.W.2d 211, 219 (Tex.Cr.App.1981); *Tarpley v. State,* 565 S.W.2d 525, 532 (Tex.Cr.App.1978); *Winkle v. State,* 506 S.W.2d 891, 897 (Tex. Cr.App.1974). But if the Court has ever held in a noncapital case that contrition is a matter included in the statutory prescription of Article 37.07, § 3(a), supra, such that an accused may offer affirmative testimony of others to show his contriteness, the parties have not called that opinion to our

attention. Similarly, "legally admissible" evidence in mitigation of punishment, that *Allaben,* supra, teaches is proper,[6] has not yet embraced, so far as we are advised, testimony of third persons that an accused has become contrite. Therefore, whether it is appropriate for a prosecutor to remark on failure of an accused to adduce evidence of contrition from witnesses other than himself seems to be a question of first impression in this Court.

■ Despite the danger of self interest influencing falsification, a witness is allowed to testify as to his own state of mind. Ray, Law of Evidence (Third Edition) § 1428, 2 Texas Practice 87. So, when an accused does take the stand at a punishment hearing the Court has held that he may be crossexamined as to his feeling of remorse. *Wills v. State,* 501 S.W.2d 925, 927 (Tex.Cr.App.1973); *Santiago v. State,* 444 S.W.2d 758 (Tex.Cr.App.1969).[7]

Smith "felt no remorse or sense of guilt" for his participation in the crime at issue; finding evidence sufficient to support an affirmative answer to special issue two, speaking through the late Judge W. A. Morrison, the Court held: "His entire conduct was calculated and remorseless, and the jury was justified in finding that this appellant will always constitute a continuing threat to society." *Id.,* at 697. *Duffy v. State,* 567 S.W.2d 197 (Tex.Cr.App. 1978), is but one example of many followings of *Smith v. State,* supra: "... it appears that appellant's entire conduct was calculated and remorseless." *Id.,* at 209.

4. Where there is an application for probation it has been held, for example, that record of steady employment is relevant to the condition of probation to work faithfully at suitable employment, *Coleman v. State,* 442 S.W.2d 338, 340 (Tex.Cr.App.1969), and that membership in a church and active attendance to its services are admissible, *Miller v. State,* 442 S.W.2d 340, 348 (Tex.Cr.App.1969).

5. Appellant here was not eligible for probation for he had previously been convicted of the felony offense of burglary of a building. Indeed, at time of trial the twenty three year old appellant was facing a motion to revoke probation based on his having committed the instant crime.

6. Yet, the trend of decisions by the Court has been to approve or itself develop and impose restrictions on evidence in mitigation available to an accused. See *Ingram v. State,* 426

S.W.2d 877, 879 (Tex.Cr.App.1968), mother's testimony that alcoholic son had just left hospital against medical advice shortly before committing theft of automobile; *White v. State,* 444 S.W.2d 921, 923 (Tex.Cr.App.1969), accused's own version of facts of offense on trial does not tend to show his character (but see *Marrero v. State,* 500 S.W.2d 818, 820 (Tex.Cr.App.1973) for different rule when offense is murder with malice, and compare holding in *Dixon v. State,* 506 S.W.2d 585, 588 (Tex.Cr.App.1974) that an accused who remained silent on the merits is not permitted to testify at penalty stage to facts that exonerate or raise affirmative defenses); *Tezeno v. State,* 484 S.W.2d 374, 380 (Tex.Cr. App.1972), evidence of sociological, economic, political and overall conditions of neighborhood of one convicted of murder with malice now allowed; *Williams v. State,* 481 S.W.2d 119, 124 (Tex.Cr.App.1972), psychological testimony of mental condition of accused and possible benefit from treatment; *Simmons v. State,* 504 S.W.2d 465, 475 (Tex.Cr.App.1974), reputation on and before date of offense only arguably bears on mitigation of punishment; *DeRusse v. State,* 579 S.W.2d 224, 233 (Tex.Cr.App.1979), evidence indicating conduct of accused part of countywide epidemic has little relevance to punishment; *Stiehl v. State,* 585 S.W.2d 716, 718 (Tex.Cr.App.1979), conditions of jail in which confined not relevant.

7. In *Santiago v. State,* supra, accused testified at the penalty stage in support of his application for probation, thereby coming under the

484

Contrition is a dogma of theology. It connotes "sincere sorrow for sin, wrongdoing or offense, especially as arising from a sense of baseness of sin and of God's loving mercy," Standard Handbook of Synonyms, Antonyms & Prepositions (Revised Edition) Funk & Wagnalls (New York 1947) 363. It is, in short, a state of mind—and a highly personal one at that. Indicia of contriteness is necessarily generated after an offense by the one who is sorrowful for what he has done. That one is contrite about it must be communicated in order for others to know.[8]

However, in criminal cases "selfserving declarations" by an accused are ordinarily inadmissible in his behalf, 24 Tex.Jur.2d 163, § 612; Ray, Law of Evidence § 786, 1A Texas Practice 13. So third parties testifying such declarations were made by accused do not provide evidence of probative value, *DeRusse v. State,* 579 S.W.2d 224, 233 (Tex.Cr.App.1979); *Mendoza v. State,* 522 S.W.2d 898, 899 (Tex.Cr.App. 1975); see Ray, Law of Evidence § 872, 1A Texas Practice 115–117. Therefore, we hold that testimony of third persons that an accused has expressed contrition is not "legally admissible" evidence in mitigation when offered by an accused.

Consequently, we do not approve of holding that the argument in question was "not improper." It was improper because the prosecutor faulted appellant for that which he could not accomplish through testimony of his wife and sister in that they were not competent and material witnesses on the subject of the state of his mind with respect to contrition. See *McKenzie v. State,* supra, at 219–220 and n. 27.

Having concluded that the Court of Appeals erred in overruling appellant's second ground of error for the reason it did, we decide how to treat the decision of the Court of Appeals. See Tex.Cr.App. Rule 304(k). It is our best judgment that in the interest of judicial economy the ground of error overruled by the Court of Appeals should now be directly addressed by this Court.

We have set forth *ante* a rationale somewhat like that indicated in the dissenting opinion below, to the effect that contrition is personal to an accused and remains his secret unless unburdened to others. Still, the law with respect to an argument smacking of failure of an accused to testify obtains:

"For there to be reversible error because of an allusion to or comment on the failure of an accused to testify in his own behalf, the language used must be looked to from the standpoint of the jury, and the implication that language used had reference to such failure to testify must

part of *Allaben v. State,* supra, that is not applicable to the case at bar. *Wills v. State,* supra, without indicating a reason for his being on the stand during the punishment phase, merely follows *Santiago.*

The accused in *Overstreet v. State,* 470 S.W.2d 653 (Tex.Cr.App.1971), having been found guilty of robbery by assault, testified only at the hearing on punishment. She indicated disagreement with the verdict of guilt, but asked the jury for leniency. Her lawyer argued for probation, discussing terms and conditions including restitution. Closing, the prosecutor dismissed restitution of $137.90 as insignificant, rejected probation as a deterrent and, turning to rehabilitation, argued:

"Last of all, punishment is to rehabilitate the Defendant if you can rehabilitate them. When you think about rehabilitation, you think about the first great step to rehabilitation is stepping forward and confessing one's guilt and being ready to take the punishment that is doled out."

An objection that the remark is a comment on failure to testify on guilt "in that he is calling for a confession" was overruled. The Court analyzed the situation, *viz:*

"Although *the argument is not commended,* we perceive no reversible error. The issues at stake were punishment and probation. The appellant had testified she desired probation though she disagreed with the guilty verdict and her counsel urged the jury to grant probation. The argument made was in response thereto."

8. Like motive for a crime, so long as contrition "is locked up and being kept secret ... there is no way in the world that the State can prove it," *Koller v. State,* 518 S.W.2d 373 (Tex.Cr. App.1975), quoting an argument "clearly intended to bring to the jury's attention to the failure of the appellant to testify in his own behalf."

be a necessary one. [citations omitted] Further, '[i]t is not sufficient that the language might be construed as an implied or indirect allusion thereto.' *Yates v. State,* [488 S.W.2d 463 (Tex.Cr.App. 1972)] at p. 466. [Other citations omitted]."

*Hicks v. State,* 525 S.W.2d 177, 178 (Tex.Cr. App.1975); *Johnson v. State,* 650 S.W.2d 649 (Tex.Cr.App.1981);[9] cf. *Griffin v. State,* 554 S.W.2d 688, 690 (Tex.Cr.App. 1977).

Contrastively to *Johnson v. State,* supra, the argument complained of in the case at bar was not "a direct and flagrant reference to what the jury had not heard *appellant* say," *id.,* at 650. Rather it called attention to not hearing even a "bit of contrition on the part of this defendant from his witnesses nor his attorney," and suggested that if appellant were sorry for what he had done "you would've heard about it from his witnesses." Though, as we have held, the prosecutor was operating under a misconception of applicable law of evidence, his language literally indicted others than appellant individually and personally. For reasons already developed the argument is improper, but from the standpoint of a lay jury it does not constitute a necessary implication that appellant has failed to testify in his own behalf.

Accordingly, the ground of error is overruled.

The judgment of the Court of Appeals is affirmed.

ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ., concur in the result.

TEAGUE, Judge, dissenting.

Finding myself in total agreement with the dissenting opinion of Justice Whitham of the Dallas Court of Appeals, see *Thomas v. State,* 629 S.W.2d 112, 116 (Tex.App.— Dallas 1981), and because I believe that Justice Whitham has stated in his extreme-

ly well written opinion everything that needs to be stated concerning the appellant's complaint that the prosecuting attorney's jury argument was so prejudicial that it deprived the appellant of a fair trial, this Court should merely state in an opinion that the appellant's petition for discretionary review is granted and that Justice Whitham's opinion is adopted in toto as this Court's opinion. To do more than that adds nothing to the jurisprudence of this State.

However, a majority of this Court does not agree with what I think should be the proper disposition of this cause. In its efforts to do otherwise, it properly concludes that the prosecuting attorney's jury argument was impermissible, albeit for a different reason than that stated by Justice Whitham. Nevertheless, it fails to reverse this conviction. The majority holds that the argument did not constitute a comment on the appellant's failure to testify. The opinion states: "but from the standpoint of a lay jury it does not constitute a necessary implication that appellant has failed to testify in his own behalf." To the conclusion reached by the majority, that the jury argument of the prosecuting attorney does not constitute either a direct or indirect comment on the appellant's failure to testify, I must respectfully dissent.

Justice Whitham stated what the effect of the complained of prosecuting attorney's jury argument was in the following words: "Once the jury's attention is called to the absence of sorrow, remorse, regret or any other act of contrition [on the part of the defendant], it defies logic and common sense to believe that the remark refers to any person other than the defendant." The majority of this Court, although holding that the argument of the prosecuting attorney was improper, fails to reverse this conviction. By failing to reverse this cause for the reasons stated by Justice Whitham, the majority is indirectly putting its stamp of

---

**9.** It is also pointed out in *Johnson* that reversible error attends a remark calling attention of the jury to absent evidence that only the testimony from accused could supply. But as *Myers v. State,* 573 S.W.2d 19 (Tex.Cr.App.

1978), explains, that rule pertains to labeling certain evidence as "uncontroverted, unrefuted, or uncontradicted," when only the accused could offer evidence to rebut the other so characterized, *id.,* at 20–21.

approval on this kind of argument. The majority opinion can now be authority for prosecuting attorneys of this State to make similar arguments as the one made in this cause. However, in failing to reverse this conviction, the majority actually does a disservice to the vast majority of the prosecuting attorneys of this State, indirectly puts its stamp of approval on those prosecuting attorneys who may be categorized as being Machiavellian, and emasculates the provisions of Art. 38.08, V.A.C.C.P. Also, by its holding, the majority only pays lip service to what this Court has stated in the past concerning impermissible and permissible jury argument. See *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973), and its progeny. See also *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). The bottom line of the majority's opinion, by its failure to reverse this conviction, is that it indirectly condones impermissible and improper jury arguments. To such action, I must respectfully dissent.