Affirmed and Opinion filed February 10, 2005









Affirmed and Opinion filed February 10, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01094-CR

____________

 

ROBERT G. CARON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No. 959,702

 



 

O P I N I O N

Appellant Robert Caron was convicted by a
jury of first-degree felony securities fraud, and the jury assessed punishment
at five years= confinement and a $10,000 fine.  Asserting two points of error, appellant
contends: (1) the trial court erred by denying his motion for mistrial when the
State=s
cross-examination and jury argument attempted to shift the burden of proof; and
(2) the trial court erred by exempting the State=s expert witness
from Athe Rule@ where the State
failed to follow provisions of that exemption. 
We affirm.     








In his first issue, appellant contends the
trial court erred when it denied his motion for mistrial because the State=s
cross-examination and jury argument attempted to shift the burden of
proof.  During trial, and after the State
presented its case-in-chief, appellant testified and was cross-examined by the
State.  Appellant specifically complains
that two of the State=s cross-examination questions attempted to
shift the burden of proof.[1]


One of the State=s claims against
appellant at trial was he failed to disclose to investors the corporation=s loss of its
charter for failure to pay franchise taxes. 
Appellant testified that according to paperwork he saw, the taxes had
been paid.  On cross-examination, the
State asked appellant why he did not produce the record when he knew it was an
issue.  Appellant=s counsel objected
and argued the State was attempting to shift the burden of proof.  The objection was overruled.  








Another of the State=s claims at trial
was that appellant misled investors into believing they were investing in an
existing and operating business, when, in fact, it was only an undeveloped
idea.  The State=s witnesses
testified that appellant=s software program was necessary to
implement the business idea, but it never actually existed.  Appellant testified the program did exist and
said at least three different companies were involved in making the
program.  On cross-examination, the State
asked appellant whether he had anybody from those three companies present to
testify on his behalf.  Appellant
responded that he was not asked to, to which the prosecutor replied, Ait=s not my
responsibility to bring in your witnesses.@  At this time, appellant=s counsel objected
on the basis of an improper attempt to shift the burden of proof.  The objection was sustained.  However, this complaint is waived because
appellant did not take the necessary steps to preserve error.  See Tex.
R. App. P. 33.1; Brooks v. State,
642 S.W.2d 791, 798 (Tex. Crim. App. 1982) (stating the proper method of
pursuing an objection until an adverse ruling is to object, request an
instruction to disregard, and move for a mistrial).  Here, appellant may not complain because he
received all of the relief he requested, and no adverse ruling.  Failure to request further relief after an
objection is sustained preserves nothing for review.  Henderson v. State, 617 S.W.2d 697,
698 (Tex. Crim. App. 1981).             

Moreover, appellant=s assertion that
the State attempted to shift the burden of proof is unfounded.  Texas Rule of Evidence 611(b) provides A[a] witness may be
cross-examined on any matter relevant to any issue in the case, including
credibility.@  Tex. R. Evid. 611(b).  The extent of cross-examination for a showing
of bias or credibility is within the trial court=s discretion, and
its decision is not subject to reversal on appeal absent a clear abuse of
discretion.  Chambers v. State,
866 S.W.2d 9, 27 (Tex. Crim. App. 1993). 
A defendant who exercises his right to testify is subject to the same
rules governing examination and cross-examination as any other witness, whether
he testifies at the guilt-innocence stage or at the punishment stage of the
trial.  Felder v. State, 848
S.W.2d 85, 99 (Tex. Crim. App. 1992); Fuentes v. State, 832 S.W.2d 635,
639B40 (Tex. App.CHouston [14th
Dist.] 1992, pet. ref=d). 
In Texas, the scope of cross-examination is wide open, and once the
defendant testifies at trial, he opens himself up to questioning by the
prosecutor on any subject matter that is relevant.  Felder, 848 S.W.2d at 99.  In the instant case, the State=s questions on
cross-examination were relevant to appellant=s credibility,
specifically, his testimony refuting that of the State=s witnesses.  This line of questioning was not an attempt to
shift the burden of proof, but instead, tested appellant=s credibility in
an attempt to discover the truth. 








Appellant also contends the State attempted
to shift the burden of proof during jury argument.  During closing argument, the prosecution
stated, A[i]f there is
something out there that is going to exonerate you, you want to make it known.@  Appellant=s counsel objected
on the basis that it was an attempt to shift the burden of proof.  The objection was sustained.  Following an instruction to disregard,
appellant=s counsel requested a mistrial, which was
denied.  An instruction to disregard the
argument generally cures any error.  Shannon v. State, 942 S.W.2d 591, 597
(Tex. Crim. App. 1996); Dinkins v. State, 894 S.W.2d 330, 357 (Tex.
Crim. App. 1995).  However, in this case,
there was no error because the argument was proper and did not shift the burden
of proof.  

Proper jury argument includes four areas:
(1) summation of the evidence presented at trial, (2) reasonable deductions
drawn from the evidence, (3) answer to opposing counsel=s argument, and
(4) a plea for law enforcement.  Guidry
v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999).  The State=s jury argument
did not shift the burden of proof, but instead, summarized the state of the
evidence and was a reasonable deduction drawn from the evidence.  During jury argument, the State may comment
on appellant=s failure to present evidence in his
favor.  See Jackson v. State, 17
S.W.3d 664, 674 (Tex. Crim. App. 2000); Patrick v. State, 906 S.W.2d
481, 491 (Tex. Crim. App. 1995); Thomas v. State, 638 S.W.2d 481, 483
(Tex. Crim. App. 1982).  Appellant=s first issue is
overruled.             

In his second issue, appellant contends
the trial court erred by exempting the State=s expert witness
from Athe Rule,@ where the State
failed to follow provisions of that exemption. 
Texas Rule of Evidence 614, also known as Athe Rule,@ prevents
witnesses from remaining in the courtroom during the testimony of other
witnesses.  See Tex. R. Evid. 614.  Rule 614 is designed to prevent witnesses
from altering their testimony, consciously or not, based on the testimony of
another witness.  See Webb v. State,
766 S.W.2d 236, 239 (Tex. Crim. App. 1989). 
One exception to Rule 614 applies to a person who is essential to the
presentation of the party=s case. 
Lewis v. State, 486 S.W.2d 104, 106 (Tex. Crim. App. 1972)
(stating the trial court is vested with discretion and may permit expert
witnesses to be exempt from the rule so they may hear other witnesses testify
and then base their opinions on such testimony).   Enforcement of Rule 614 lies within the
sound discretion of the trial court, and its actions will be disturbed only
upon a showing of abuse of discretion or injury to the defendant.  See Cooks v. State, 844 S.W.2d 697,
733 (Tex. Crim. App. 1992). 








In the instant case, the State asked the
trial court to exempt its expert on securities law from Athe Rule.@  The trial court exempted the expert with the
understanding that the expert would not apply facts from the other witnesses= testimony to the
law of securities.  Appellant did not
object to the limitation.[2]  When the State=s expert
testified, the State twice attempted to ask questions applying the facts of the
case to securities law.  Appellant
objected both times, and his objections were sustained.[3]  As a result, no fact-specific testimony was
admitted into evidence.  We conclude the
trial court did not abuse its discretion in allowing the State=s expert to be
exempt from Texas Rule of Evidence 614, and even if it had, any error was
waived.  Appellant=s second issue is
overruled.  

The judgment of
the trial court is affirmed.         

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

Judgment
rendered and Opinion filed February 8, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.

Publish
C Tex. R. App. P. 47.2(b).

 











[1]  The two
questions appellant complains of on appeal were the two instances in which his
trial counsel objected to this particular line of questioning.  The State=s
cross-examination asked six other questions similar to the two complained of on
appeal; however, appellant=s counsel did not object to them.  Instead, appellant=s response to the State=s
un-objected-to questions was that he had no burden to produce evidence
supporting his defensive theories.     





[2]  Therefore, any
complaint appellant has regarding the State=s
failure to satisfy its burden of showing the expert=s presence was essential is waived.  See Tex.
R. App. P. 33.1. 





[3]  Appellant may
not complain because he received all the relief he requested, and there was no
adverse ruling.  See Henderson,
617 S.W.2d at 698.  The proper method of
pursuing an objection until an adverse ruling is to (1) object, (2) request an
instruction to disregard, and (3) move for a mistrial.  Arevalo v. State, 835 S.W.2d 701, 705
(Tex. App.CHouston [14th Dist.] 1992, no pet.).