David **WILLS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47077.

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Ronnie Posey, Amarillo, for appellant.

Tom Curtis, Dist. Atty., David Kiker, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

McCLOUD, Commissioner.

Appealed from the 108th Judicial District Court of Potter County.

This is an appeal from a conviction for burglary. The jury assessed punishment at four years.

■ The appellant urges in his first ground of error that the trial court erred in admitting a "voluntary consent to search" form signed by the appellant and witnessed by Officers J. C. Gibson and Robert Carey. Appellant argues that the testimony of Officer Carey shows that he did not actually see the appellant sign the form. We disagree.[1]

The record reflects the following testimony of Officer Carey on direct examination:

"Q   Did you reduce your question concerning the consent to search his car to writing?

[1.] Written consent to search is not required although good police practice. Compare De-

"A   Yes.

"Q   I show you now what has been marked state's exhibit 6 and ask you if you can identify this?

"A   Yes.

"Q   Did you read these rights in here to the defendant?

"A   Yes.

"Q   Did he appear to understand them?

"A   Yes.

"Q   Is that his signature?

"A   Yes.

"Q   Would you please read what this consent to search says, beginning with I . . .

"A   APD form 240. Voluntary consent to search: says, I, then printed, David Sheff Wills, after having first been duly warned by Officer J. C. Gibson, Chief of Police, Amarillo, Potter County, Texas, that I do not have to give my consent to a search of my 1968 Ford Torino without a search warrant, do voluntarily give my consent to a search of same, dash, as long as I am present, without a search warrant to the person who gave me the warning aforesaid. Witness my hand this 23rd day of June, A.D.1972. Witnessed by Officer Gibson and myself. Signed by David Wills."

Appellant's first ground of error is overruled.

■ Appellant contends the trial court erred in admitting into evidence a fingerprint, which was identified as that of appellant, found on a piece of tin. He maintains this evidence had been concealed from counsel for appellant until the time of trial without regard to his motion for

Voyle v. State, 471 S.W.2d 77 (Tex.Cr.App. 1971).

discovery and the court's order to produce all tangible objects in the possession of the State.

The record shows that the piece of tin containing the print was in the possession of the Federal Bureau of Investigation and not in the possession of the State at the time of the pre-trial hearing. Also, at a hearing outside the presence of the jury, the evidence showed that a report of the Federal Bureau of Investigation was delivered to appellant's counsel prior to the announcement of ready for trial. This report stated that a latent print present on a piece of tin had been identified as a fingerprint of the appellant.

With this information, appellant announced ready and proceeded to trial. The ground of error is overruled.

■ Appellant's contention that fingerprints taken after his arrest by the Amarillo Police Department were inadmissible is without merit. This Court stated in Ivey v. State, 425 S.W.2d 631 (Tex.Cr.App. 1968):

"Fingerprints obtained from appellant in the absence of his counsel while he was in custody were admissible for comparison purposes. De La Rosa v. State, Tex.Cr.App., 414 S.W.2d 668; Platt v. State, Tex.Cr.App., 402 S.W.2d 898."

■ During the punishment phase of the trial the appellant was asked on cross-examination by the State's attorney "are you sorry for what you did?" The court overruled appellant's objection. This was not error.

In Santiago v. State, 444 S.W.2d 758 (Tex.Cr.App.1969), this court said:

"When an appellant voluntarily takes the witness stand at the hearing on punishment, he is on for all purposes of that hearing and subject to the same rules as any other witness. He may be contradicted, impeached, discredited, attacked, sustained, bolstered up, cross examined as new matter, etc., except where the law forbids certain matters to be used against him. . . .

"We conclude that it was entirely proper for the State to inquire of the appellant if he regretted having committed the offense with which he was charged and had already been found guilty by the jury."

We have carefully considered all grounds of error urged by the appellant and find no error. The judgment is affirmed.

Opinion approved by the Court.