IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-304-CR




PAUL EUGENE THEDFORD,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0915838, HONORABLE LARRY FULLER, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault of a child and assessed
punishment at imprisonment for twenty years. Act of May 26, 1987, 70th Leg., R.S., ch. 573,
§ 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16,
§ 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended). Appellant
brings forward five points of error, one of which challenges the legal sufficiency of the evidence. 
We will affirm.

 Appellant is the complainant's uncle by marriage. On the night in question, when
the complainant was ten years old, appellant took her to a party for the ostensible purpose of
helping her aunt baby sit. The complainant's aunt and her children left the party, however, soon
after the complainant arrived. During the course of the evening, appellant brought the
complainant beer and told her to drink it or "he'd kill [her]." At about 2:30 a.m., appellant took
the complainant to another house where he continued to force her to drink beer. A witness
testified that appellant and the complainant were "hugging one another and kissing one another
like, you know, they loved one another." Appellant took the complainant into a bedroom where
he removed her clothes, then undressed himself. Appellant then "laid down on top of" the
complainant and "stuck his penis into [her] vagina." 

 Meanwhile, the complainant's mother and step-father, informed by a friend of the
family that the complainant was not with her aunt, went looking for her. When they arrived at
the house where the assault occurred, they found the complainant in a dark bedroom half-dressed,
intoxicated, and sick. The complainant told her step-father that appellant had forced her to drink
beer and have sex with him. Investigating officers later found the complainant's underwear in the
bedroom.

 The indictment contained two paragraphs, alleging (1) that appellant penetrated the
complainant's sexual organ with his sexual organ and (2) that appellant caused the complainant's
sexual organ to contact his sexual organ. Both theories of the offense were submitted to the jury,
which found appellant guilty of penetrating the complainant's sexual organ as alleged in the
indictment. In his third point of error, appellant contends the evidence is not legally sufficient
to support the jury's finding that he penetrated the complainant with his penis.

 During cross-examination, the complainant acknowledged that it was dark in the
bedroom and that she never saw appellant's penis. She conceded that the object with which
appellant penetrated her might have been his finger. On redirect examination, the complainant
stated that appellant was "directly on top" of her and that, in her opinion, her sexual organ was
penetrated by appellant's penis.

 The doctor who examined the complainant at the hospital on the night of the assault
observed an abrasion on the tissue just below the entrance of the complainant's vagina. According
to the doctor's report, this injury was consistent with non-prepared sexual intercourse. No
seminal fluid was found during this initial examination. A second physician, Dr. Beth Nauert,
examined the complainant ten days after the assault. Nauert testified that the complainant told her
that appellant penetrated her with his penis. Nauert testified that the complainant's physical
condition was consistent with a partial penile penetration.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The
credibility of the complainant and the weight to give her testimony was for the jury to determine. 
Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Hellums v. State, 831 S.W.2d 545, 547
(Tex. App.--Austin 1992, no pet.). 

 Appellant's argument under this point of error is, in essence, that the evidence fails
to exclude the possibility that he penetrated the complainant with his finger or some other
instrument other than his penis. That the evidence might support a finding of penetration by some
other means does not render the evidence legally insufficient. Geesa, 820 S.W.2d at 161. The
complainant's testimony that appellant penetrated her sexual organ with his penis is alone
sufficient to prove such penetration. Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App.
1978); Hellums, 831 S.W.2d at 547. We hold that a rational trier of fact could find beyond a
reasonable doubt from the evidence in this cause that appellant penetrated the complainant's sexual
organ with his penis. Point of error three is overruled.

 In point of error two, appellant urges that the district court erred by instructing the
jury that the limitations period applicable to aggravated sexual assault is ten years. The jury
charge contains this instruction:


 You are further charged as the law in this case that the State is not required
to prove the exact date alleged in the indictment but may prove the offense, if any,
to have been committed at a time prior to the presentment of the indictment so long
as said offense, if any, occurred within 10 years of the date of the presentment of
the indictment.



Appellant did not object to this instruction, but now contends that it was fundamentally defective. 
According to appellant, the limitations period applicable to aggravated sexual assault is five years.

 Any offense titled "aggravated" carries the same limitation period as the primary
crime. Tex. Code Crim. Proc. Ann. § 12.03(d) (West Supp. 1994). The limitation period for
sexual assault under section 22.011(a)(2) of the Penal Code is ten years. Tex. Code Crim. Proc.
Ann. art. 12.01(2)(D) (West Supp. 1994). Penal Code section 22.011(a)(2) defines the offense
of sexual assault of a child. Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 19 Tex. Gen.
Laws 5311, 5312, amended by Act of May 27, 1991, 72d Leg., R.S., ch. 662, § 1, 1991 Tex.
Gen. Laws 2412 (Tex. Penal Code Ann. § 22.011, since amended). Penal Code section
22.021(a)(1)(B) proscribes the same conduct proscribed by section 22.011(a)(2) and, together with
section 22.021(a)(2), defines the offense of aggravated sexual assault of a child. Applying article
12.03, the limitation period for aggravated sexual assault of a child is the same as the limitation
period for sexual assault of a child: ten years. The district court's instruction to the jury did not
misstate the limitations period applicable to this offense. 

 Appellant relies on the opinion in Gallegos v. State, 756 S.W.2d 45, 47 (Tex.
App.--San Antonio 1988, pet. ref'd). The indictment in that case, however, was presented in
March 1986, before the 1987 amendment of article 12.01 that extended the limitation period for
sexual assault of a child to ten years. Compare Act of May 17, 1985, 69th Leg., R.S., ch. 330,
§ 1, 1985 Tex. Gen. Laws 1393 (Tex. Code Crim. Proc. Ann. art. 12.01, since amended) with
Act of May 31, 1987, 70th Leg., R.S., ch. 716, § 1, 1987 Tex. Gen. Laws 2591 (Tex. Code
Crim. Proc. Ann. art. 12.01, since amended). Point of error two is overruled.

 Appellant's first point of error is related to the second. In it, appellant contends
the district court erred by permitting the parties to orally stipulate to the date on which the
indictment was returned by the grand jury. Appellant argues that the Code of Criminal Procedure
requires all stipulations to be in writing. Tex. Code Crim. Proc. Ann. art. 1.15 (West Supp.
1994).

 Article 1.15 specifies procedures to be followed in felony cases in which a jury has
been waived and trial is before the court. Messer v. State, 729 S.W.2d 694, 699 (Tex. Crim.
App. 1986) (opinion on motion for rehearing). In cases in which a plea of not guilty is entered
before a jury, stipulations do not have to comply with article 1.15. Id. Point of error one is
overruled. (1)

 The fourth point of error concerns the prosecutor's cross-examination of appellant
during the punishment phase of trial. The subject of appellant's direct testimony was his request
for probation and eligibility for it. The prosecutor began his cross-examination as follows:


Q. Do you think you deserve probation?


A. Yes, sir.


Q. Why?


A. I've never been in trouble before.


Q. I'm not talking about before what you did. Why do you deserve probation?


A. I'm just going to leave it up to the jury.


Q. Do you see [the complainant] back here in the courtroom today, hearing
you ask for probation?


A. Yes, sir.


Q. Do you have anything you want to say to her?


A. Nothing.


Q. Nothing? You don't want to say I'm sorry? Nothing? I'm sorry?


A. I don't want to say nothing.


Q. Here's your chance.


 MR. HIGGINBOTHAM [defense counsel]: Your Honor, that's not a
question and I'd object to it. That's certainly designed to be just inflammatory to
the jury. It's not a proper question.


 THE COURT: Overruled.


Q. (By Mr. Cobb) You don't have anything that you want to say to [the
complainant], your niece?


A. I didn't do this and she knows it.


Q. That's what you want to say to her?



Appellant argues that the prosecutor's questions were not asked for the purpose of eliciting
evidence, but for the sole purpose of harassing appellant and prejudicing him in the eyes of the
jury.

 Unlike his contention on appeal, appellant's trial objection was not directed to the
prosecutor's questions but to the remark, "Here's your chance." See Tex. R. App. P. 52(a). 
Moreover, it is not improper for a prosecutor to ask the defendant if he regrets committing the
offense for which he has been convicted. Wills v. State, 501 S.W.2d 925, 927 (Tex. Crim. App.
1973); Santiago v. State, 444 S.W.2d 758, 759 (Tex. Crim. App. 1969). To the extent that
appellant's point of error is directed to such questioning, it is without merit. 

 The prosecutor did exceed the bounds of proper cross-examination when he invited
appellant to speak directly to the complainant in the courtroom, and appellant's objection to this
should have been sustained. To the extent that appellant raises this in his point of error, we
conclude that the error was harmless beyond a reasonable doubt. Tex. R. App. P. 81(b)(2). 
Appellant testified at the guilt stage and denied sexually assaulting the complainant. While the
prosecutor's suggestion that appellant apologize to the complainant may have been improper, the
jury had previously heard appellant deny committing the offense. Under the circumstances, we
are satisfied that the trial error did not contribute to the punishment assessed by the jury. Point
of error four is overruled.

 Finally, appellant contends the district court erred by overruling his motion for new
trial on the ground that new evidence favorable to him had been discovered since trial. Tex. R.
App. P. 30(b)(6), 11 Tex. Reg. 743, 747-48, disapproved, Act of May 29, 1993, 73d Leg., R.S.,
ch. 900, § 11.02, 1993 Tex. Gen. Laws 3586, 3765. A motion for new trial based on newly
discovered evidence is addressed to the sound discretion of the trial court and its decision will not
be disturbed absent a clear abuse of discretion. Jones v. State, 711 S.W.2d 35, 36 (Tex. Crim.
App. 1986). To secure a new trial on this ground, the movant must show: (1) there is new
evidence that was unknown to him at the time of trial, (2) the failure to discover the evidence
before trial was not due to his lack of diligence, (3) the new evidence is probably true and its
materiality is such as will probably bring about a different result on another trial, and (4) the new
evidence is competent, and not merely cumulative, corroborative, collateral, or impeaching. 
Drew v. State, 743 S.W.2d 207, 226 (Tex. Crim. App. 1987); Jones, 711 S.W.2d at 36-37;
Bolden v. State, 634 S.W.2d 710, 711-12 (Tex. Crim. App. 1982); see also Moore v. State, No.
71,337 (Tex. Crim. App. June 29, 1994) (pre-rules cases govern application of Rule 30(b)(6)). 

 The new evidence in this cause is the testimony of Christina Rawls, a girl one year
older than the complainant. Rawls testified at the new trial hearing that as she and the
complainant were walking home from school one day, the complainant told her that "[appellant]
didn't do anything to her, but she was just trying -- she wanted to get back at him. She didn't tell
me why or anything. She just said it." According to Rawls, the complainant told her that "she
had made it all up and that none of it was true." Rawls testified that the complainant told her this
approximately two years before appellant's trial, which would have been one year after the
offense.

 Appellant is Rawls's uncle, and her step-father is the complainant's biological
father. Rawls testified that she and the complainant did not get along and were not friends. 
Rawls had often heard her mother and step-father say that they did not believe the complainant's
accusation against appellant. Rawls testified that she told her mother about the complainant's
statement after learning that appellant had been convicted. She said that she did not tell earlier
because the complainant had asked her not to and because she was scared.

 Appellant cites us to opinions in cases in which the complaining witness recanted
her testimony after trial, or in which it was otherwise shown that false testimony was given at
trial. Giglio v. United States, 405 U.S. 150, 154 (1972); Napue v. Illinois, 360 U.S. 264, 271
(1959); Granger v. State, 683 S.W.2d 387, 391 (Tex. Crim. App. 1984); Burkhalter v. State, 493
S.W.2d 214, 218-19 (Tex. Crim. App. 1973); Sambrano v. State, 754 S.W.2d 768, (Tex.
App.--San Antonio 1988, no pet.); Autry v. State, 718 S.W.2d 898, 902-03 (Tex. App.--Corpus
Christi 1986, pet. ref'd). This is not such a case. Rawls's testimony merely impeached the
complainant's testimony. In addition, the credibility of Rawls's testimony is open to question
given her delay in coming forward, her relationship to appellant, her admitted dislike for the
complainant, and her parents' belief that the complainant was not telling the truth. The district
court could reasonably conclude under the circumstances that Rawls's testimony was not probably
true and was not likely to bring about a different result at a new trial. We find no abuse of
discretion in the overruling of appellant's motion for new trial. Point of error five is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: September 14, 1994

Do Not Publish

1. Points of error one and two appear to be based on the assumption that the State was required
to prove that prosecution of this offense was not barred by limitations. Appellant did not,
however, raise the defense of limitations at trial. See State v. Yount, 853 S.W.2d 6, 8 (Tex.
Crim. App. 1993) (limitations is a waivable defense). In the absence of any issue requiring the
jury to determine when the indictment was presented, evidence of the date of presentment was not
required. We understand the district court's instruction to merely explain to the jury that the State
was not bound to prove that the offense occurred on the precise date alleged in the indictment.