NO. 12-02-00294-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


BRIAN TURLEY,                                               §     APPEAL FROM THE 241ST
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
            Brian Turley (“Appellant”) appeals his conviction and sentence for aggravated sexual assault. 
In four issues, Appellant challenges the sufficiency of the evidence, the competency of the
complaining witness, and the trial court’s failure to grant a mistrial at the punishment phase. We
affirm.
Background
            Appellant was charged by indictment with aggravated sexual assault of a child. See Tex.
Pen. Code Ann. § 22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 2004); Tex. Pen. Code Ann.
§ 22.011(c)(1) (Vernon Supp. 2004). The offense is a first-degree felony and is punishable by
imprisonment for life or for any term of not more than 99 years or less than five years. Tex. Pen.
Code Ann § 22.021(e) (Vernon Supp. 2004); Tex. Pen. Code Ann §12.32(a) (Vernon 2003). In
addition to imprisonment, a fine of up to $10,000 may be assessed. Tex. Pen. Code Ann § 12.32(b).
            The indictment alleged that Appellant “intentionally and knowingly cause[d] the penetration
of the female sexual organ of [H.P.L.], a child who was then and there younger than 14 years of age
and not the spouse of the defendant, by means of his tongue....” The indictment included an
enhancement paragraph alleging that Appellant had previously been convicted of a felony, interfering
with child custody. Appellant is H.P.L.’s uncle. On the date of the conduct charged, H.P.L. was
seven years old. 
            Appellant pleaded “not guilty” to the charge, and the matter proceeded to a jury trial. The
jury found Appellant guilty, found the enhancement paragraph true, and assessed his punishment at
imprisonment for life and a $10,000 fine. This appeal followed.

Sufficiency of the Evidence
            In his first and second issues, respectively, Appellant contends that the evidence is legally
and factually insufficient to support the jury’s verdict. 
Standard of Review 
            Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction. See Jackson v. Virginia, 443 U.S. 307,
315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000). The standard for reviewing a legal sufficiency challenge is whether
any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see also Johnson v. State, 871 S.W.2d 183,
186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the jury’s
verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186. A successful
legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. See Tibbs
v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed. 2d 652 (1982).
            The sufficiency of the evidence is measured against the offense as defined by a hypothetically
correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a
charge would include one that “accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict the State’s theories of
liability, and adequately describes the particular offense for which the defendant is tried. Id. 
            In reviewing the factual sufficiency of the evidence, we must first assume that the evidence
is legally sufficient under the Jackson standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex.
Crim. App. 1996). We then consider all of the evidence in the record related to Appellant’s
sufficiency challenge, both admissible and inadmissible, not just the evidence supporting the verdict.
See id. at 129. We review the evidence weighed by the jury which tends to prove the existence of
the elemental fact in dispute, and compare it to the evidence which tends to disprove that fact. 
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We are authorized to disagree
with the jury’s determination, even if probative evidence exists which supports the verdict. Clewis,
922 S.W.2d at 133. Our evaluation should not substantially intrude upon the jury’s role as the sole
judge of the weight and credibility of witness testimony. Santellan, 939 S.W.2d at 164. Where
there is conflicting evidence, the jury’s verdict on such matters is generally regarded as conclusive. 
See Van Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d). Ultimately, we
must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates
that the proof of guilt is so obviously weak as to undermine our confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We will set aside the
verdict if, based upon our neutral review of the evidence, we conclude that the conviction is “clearly
wrong and manifestly unjust.” Ortiz v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002). 
Legal Sufficiency
            A person commits aggravated sexual assault when he (1) intentionally or knowingly (2)
causes the penetration of the female sexual organ (3) of a person (4) who is younger than fourteen
years of age and (5) not the spouse of the actor. Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i), (2)(B);
Tex. Pen. Code Ann. § 22.011(c)(1). Appellant argues that the State failed to adduce legally
sufficient evidence that Appellant penetrated H.P.L.’s sexual organ with his tongue as alleged in the
indictment.
            In the context of aggravated sexual assault, the court of criminal appeals has held that
“penetrate” means “to enter into” or “to pass through”. Vernon v. State, 841 S.W.2d 407, 409 (Tex.
Crim. App. 1992) (citing Webster’s Third New International Dictionary, p. 1670 (Merriam-Webster
1981)). Evidence of the slightest penetration is sufficient to uphold a conviction. Sherbert v. State,
531 S.W.2d 636, 637 (Tex. Crim. App. 1976). The requirement of penetration is satisfied as long
as contact with the female sexual organ “could reasonably be regarded by ordinary English speakers
as more intrusive than contact with [the] outer vaginal lips. Vernon, 841 S.W.2d at 409. Penetration
of the vaginal canal is not required. Id. 
            In the instant case, H.P.L. testified that Appellant licked her “private” with his tongue. The
prosecutor then asked, “Did he lick you kind of inside your private?” H.P.L. answered in the
affirmative. This testimony describes contact sufficiently intrusive to constitute penetration. The
testimony of a child sexual assault victim, standing alone, is sufficient to prove penetration. Jordan-Maier v. State, 792 S.W.2d 188, 190 (Tex. App.–Houston [1st Dist.] 1990, pet. ref’d) (citing Garcia
v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978)). Therefore, H.P.L.’s testimony, when
viewed in the light most favorable to the verdict, is legally sufficient evidence of penetration. 
Appellant’s first issue is overruled.
Factual Sufficiency
            Appellant argues in the alternative that the evidence is factually insufficient to establish the
element of penetration because H.P.L.’s memory of the offense is flawed and she was not a credible
witness. Specifically, Appellant points out the following: (1) although H.P.L. testified that it did
not hurt when Appellant put his finger inside her, this could not have been true; (2) H.P.L. described 
Appellant’s semen as “yellow stuff”, which is clearly an inaccurate description; (3) H.P.L. admitted
she told a police officer that she was lying about what happened to her; and (4) H.P.L. could not
identify Appellant in the courtroom. 
            The jury is the exclusive judge of witness credibility, the determiner of the weight accorded
to witness testimony, and the reconciler of conflicts in the evidence. See Santellan, 939 S.W.2d at
164; Van Zandt, 932 S.W.2d at 96. The jury resolved all credibility issues and conflicts in H.P.L.’s
favor. In doing so, the jury could reasonably have concluded any misstatements by H.P.L. regarding
semen color and pain did not render her remaining testimony incredible. Moreover, at the time
H.P.L.’s family learned of the sexual assault, H.P.L. said the digital penetration had caused pain. 
H.P.L. admitted at trial that she told the police officer she had lied and that nothing happened to her. 
She explained at trial that she was scared and did not want to talk to the police officer about what
had happened. To avoid doing so, H.P.L. told the police officer she lied. The jury could have
reasonably believed this explanation. Finally, the jury could have attributed H.P.L.’s inability to
identify Appellant in the courtroom to the passage of time. Considering the jury’s role, we conclude
that the testimony identified by Appellant does not undermine H.P.L.’s credibility to the extent
necessary to make the evidence so weak as to render the conviction clearly wrong and manifestly
unjust. Therefore, we do not disturb the jury’s credibility determination. 
            In conducting our neutral review, we found nothing in the record contradicting the jury’s
finding that penetration occurred. A pediatric nurse, who is also a sexual assault nurse examiner,
testified that (1) it is very possible for a child to have someone lick her genitalia and penetrate the
outer lips without any physical damage; (2) in 90 to 95 percent of the cases, no medical trauma is
present; and (3) it would be very rare for a tongue to cause damage. The absence of medical
evidence substantiating penetration does not render the evidence factually insufficient. See Murphy
v. State, 4 S.W.3d 926, 930 (Tex. App.—Waco 2000, pet. ref’d) (lack of physical evidence of
penetration does not render evidence factually insufficient where examination could neither establish
or preclude penetration). Consequently, we conclude that the record as a whole does not demonstrate
that the proof of Appellant’s guilt is so obviously weak as to undermine our confidence in the jury's
determination, or that the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof. Therefore, the evidence is factually sufficient to support Appellant’s conviction.
Appellant’s second issue is overruled.

Competency of Child Witness
            In his third issue, Appellant contends that H.P.L. was not competent to testify and that the
trial court erred in allowing the child’s testimony before the jury. He also argues that the trial court
should have examined H.P.L. more thoroughly and should have conducted its examination outside
the presence of the jury.
            Children are not competent to be witnesses if “after being examined by the court, [they]
appear not to possess sufficient intellect to relate transactions with respect to which they are
interrogated.” Tex. R. Evid. 601(a)(2). The competency of a witness is for the trial court to resolve,
and a ruling by the trial court will not be disturbed on appeal unless an abuse of discretion can be
shown. Watson v. State, 596 S.W.2d 867, 871 (Tex. Crim. App. [Panel Op.] 1980); Clark v. State,
558 S.W.2d 887, 890 (Tex. Crim. App. 1977). 
            In order to present an issue for appellate review, the record must show that a complaint was
made to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1(a)(1). The
request, objection, or motion must state the grounds for the ruling that the complaining party sought
from the trial court with sufficient specificity to make the trial court aware of the complaint. Tex.
R. App. P. 33.1(a)(1)(A). The trial court must have ruled on the request, objection, or motion, either
expressly or implicitly. Tex. R. App. P. 33.1(a)(2)(A). If the trial court refused to rule, the
complaining party must have objected to the refusal. Tex. R. App. P. 33.1(a)(2)(B). At trial,
Appellant did not object to the substance or the manner of the trial court’s competency
determination. Moreover, Appellant did not object to the admission of H.P.L.’s testimony. 
Consequently, Appellant has not preserved this issue for our review. Appellant’s third issue is
overruled.

Prosecutorial Argument
            In his fourth and final issue, Appellant contends that, during her argument at the punishment
phase, the prosecutor improperly referred to Appellant’s failure to testify. Appellant moved for a
mistrial, which the trial court denied. According to Appellant, the trial court’s ruling constitutes
reversible error.
Standard of Review and Applicable Law
            We review a trial court’s denial of a motion for mistrial under an abuse of discretion
standard. Trevino v. State, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999). Mistrial is appropriate
for only highly prejudicial and incurable errors. Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim.
App. 2003).
            A defendant’s state and federal constitutional right not to be a witness against himself
prohibits the State from commenting on the defendant’s failure to testify. See U.S. Const. amend.
V; Tex. Const. art. I, § 10. Such comments are also prohibited by statute. Tex. Code Crim. Proc.
Ann. art. 38.08 (Vernon 1979) (“[T]he failure of any defendant to...testify shall not be taken as a
circumstance against him, nor shall the same be alluded to or commented on by counsel in the
cause.”). This prohibition applies during both phases of a criminal proceeding. Dickinson v. State,
685 S.W.2d 320, 322 (Tex. Crim. App. 1984).
            In determining whether a comment is improper, we view it from the jury’s standpoint and
determine whether the comment was a clear reference to the defendant’s failure to testify. 
Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001). The test is “whether the
language used was manifestly intended or was of such a character that the jury would necessarily and
naturally take it as a comment on the defendant’s failure to testify.” Id. It is not sufficient that the
language might be construed as an implied or indirect allusion thereto. Swallow v. State, 829
S.W.2d 223, 225 (Tex. Crim. App. 1992). 
            Where the argument points to a lack of evidence that only the defendant can personally
supply, the court of criminal appeals has held the argument to be error. Id. Testimony about
contrition or remorse can only come from the accused and is inadmissible when offered by witnesses
other than the accused. Thomas v. State, 638 S.W.2d 481, 484 (Tex. Crim. App. 1982). 
Commenting on a defendant’s failure to show remorse during trial constitutes a comment on the
failure to testify where the record fails to reflect evidence of the defendant’s actions during that trial
that would support such a comment. E.g., Dickinson, 685 S.W.2d at 323 (comment that jury could
not see “remorse”, “shame”, or “pity” held improper comment on failure to testify).
Discussion
            Appellant asserts that during closing argument at the punishment phase, the prosecutor twice
commented on Appellant’s failure to testify. In the first comment, the prosecutor stated as follows:
 
How much humility have you seen in this trial? You’ve observed him. You’ve watched him. 
You heard his grandmother testify about how arrogant and manipulative he is.
 
The defendant has no idea what justice, mercy, or humility even mean. He has no idea what
that’s about. I’m going to ask you to tell him exactly what justice is in this case.
 
Appellant did not object to this portion of the prosecutor’s closing argument. Consequently, his
complaint about these statements is waived. See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim.
App. 1996); see also Tex. R. App. P. 33.1.
            Appellant complains of a second comment in which the prosecutor referred to Appellant’s
lack of repentance as follows:
 
Let’s measure our society by the way that we take care of [our children] and protect them
from predators like [Appellant], from predators who have absolutely no sense of mercy, no sense of
justice, no repentance at all.
 
Now you know about [Appellant]. Now you know how dangerous he is and how violent and
how sick he is. You haven’t seen or heard all of this, but it’s here if you want to, if you choose to. 
And I would submit to you you can --
Appellant’s counsel requested a bench conference, objected that the prosecutor’s “repentance”
comment related to Appellant’s failure to testify, and requested a mistrial. The court denied the
mistrial and instructed the jury to disregard “the last statement.” 
            The State does not direct us to any evidence in the record supporting the prosecutor’s
argument that Appellant was unrepentant. See Sigala v. State, No. 74212, 2004 WL 231326, at *11
(Tex. Crim. App. Jan. 14, 2004) (not designated for publication) (prosecutor’s argument that
defendant had no remorse not a direct comment on failure to testify if lack of remorse can be
deduced from evidence in record). Therefore, we conclude that the prosecutor’s comment pointed
to a lack of evidence that could only come from Appellant. See Swallow, 829 S.W.2d at 225;
Thomas, 638 S.W.2d at 484. As such, the prosecutor’s statement is an impermissible comment on
Appellant’s failure to testify. We must now determine whether the trial court’s error caused harm.
Harm Analysis
            Ordinarily, an instruction to disregard cures an improper comment on a defendant’s failure
to testify. Long v. State, 823 S.W.2d 259, 269-70 (Tex. Crim. App. 1991). This rule applies in all
but the most blatant examples. Dinkins v. State, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995). 
Appellant characterizes the trial court’s instruction in the case at hand as “nonspecific” and “rather
weak” and urges that the instruction did nothing to cure the error. We will assume arguendo that
Appellant is correct. However, even absent an instruction to disregard, the error can constitute
harmless error, depending on the facts of the particular case. Id.
            We apply a constitutional harm analysis in situations where the State comments on a
defendant’s failure to testify and reverse only when we determine beyond a reasonable doubt that
the error contributed to the defendant’s conviction or punishment. Tex. R. App. P. 44.2(a); Wimbrey
v. State, 106 S.W.3d 190, 192 (Tex. App.–Fort Worth 2003, pet. ref’d). Here, the error occurred at
the punishment phase of the proceeding. Therefore, we must be able to conclude from the record
that the error was harmless as to punishment beyond a reasonable doubt. Wesbrook v. State, 29
S.W.3d 103, 119 (Tex. Crim. App. 2000).
            The State introduced punishment evidence that Appellant had sexually assaulted another
child, that he burglarized his grandparents’ house, and that he had previously been convicted of
interference with child custody, a felony, for kidnapping his infant daughter. The State also
presented sexually explicit and deviant videotapes that Appellant had made, other sexually explicit
and deviant videotapes in his possession, and some of his writings, which contained themes of death,
violence, and sexuality.
            During closing argument, Appellant’s counsel urged the jury not to assess a life sentence and
stated that “the measure of a society is how it treats the worst among its number.” The complained-of statement by the prosecutor was made during rebuttal in response to this portion of Appellant’s
closing argument. The trial court instructed the jury to disregard “the last statement” and ordered the
prosecutor to rephrase. The prosecutor complied and did not make any further reference to
Appellant’s lack of repentance. 
            After carefully reviewing the entire record, we conclude that the evidence supports the jury’s
assessment of a life sentence. Moreover, the prosecutor’s comment did not constitute a blatant
attempt to taint the proceeding. Finally, the prosecutor complied with the trial court’s instruction
to rephrase and made no further reference to Appellant’s lack of repentance. Therefore, we
conclude, beyond a reasonable doubt, that the prosecutor’s argument did not contribute to
Appellant’s punishment and the error is therefore harmless. Consequently, the trial court did not
abuse its discretion in denying the mistrial. Appellant’s fourth issue is overruled.

Conclusion
            Having overruled Appellant’s first, second, third, and fourth issues, we affirm the judgment
of the trial court.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered May 28, 2004.
Panel consisted of Worthen, C.J. and Griffith, J.
DeVasto, J., not participating.








(DO NOT PUBLISH)